IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VANESSA VALEASE GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-758-MHT-SRW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

On March 14, 2016, the above-styled matter was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate by United States District Judge Myron H. Thompson. (Doc. # 21); see also 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; United States v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990).

Before the court is plaintiff's motion to dismiss Bivens[1] counts (Doc. 16). Upon consideration of the motion, and for good cause, it is the recommendation of the Magistrate Judge that the motion be granted.

### STANDARD OF REVIEW

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Potenburg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001)(citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

(11th Cir.1986)). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit*, as a result." Id. (citing McCants at 856–57) (italics in original). "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Id. at 1255-56. (citing Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967)). "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" Id. (citing McCants, 781 F.2d at 857).

## DISCUSSION

Plaintiff initiated this action by filing a five-count[2] complaint against named defendants United States of America ("United States") and Jim Tynan ("Tynan"), as well as fictitious defendants A-Z. Count I alleges a Federal Tort Claims Act ("FTCA") claim against the United States.[3] Counts II, III, IV, and VII[4] are characterized by Plaintiff as arising under Bivens and are brought against Tynan and the fictitious defendants. (Doc. 1 at pp. 19-26).

On March 4, 2016, Plaintiff filed a motion to dismiss the Bivens claims voluntarily, pursuant to Fed. R. Civ. P. 41(a)(2), stating that she recognizes that the claims contained in Counts II, III, IV, and VII are "unnecessary and or largely duplicative to her [FTCA]

---

[2] There are only five counts; however, they are numbered as follows: I, II, III, IV, and VII.
[3] Plaintiff asserts in her complaint that the United States is the only proper party defendant with regard to her FTCA action. (Doc. 1 at p. 1).
[4] See footnote 2, *supra*.

claim set forth in Count I." (Doc. 16 at p. 1). Plaintiff also seeks a dismissal of the "Bivens defendants"—*i.e.*, Tynan and the fictitious defendants. (Id. at ¶ 1). Plaintiff avers that dismissal of the Bivens claims and the defendants against whom the claims are asserted will not prejudice the remaining defendant, the United States. (Id. at 2). This court concurs.

Accordingly, it is the recommendation of the Magistrate Judge that, pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff's motion to dismiss be granted and that Counts II, III, IV, and VII be dismissed without prejudice. Because the remaining FTCA claim contained in Count I is not stated against Tynan or the fictitious defendants, and because fictitious party practice is not permitted in federal court,[5] the Magistrate Judge also recommends dismissal without prejudice of these defendants, leaving the United States as the sole defendant.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) the motion to dismiss filed by plaintiff (Doc. # 16) be GRANTED;

(2) counts II, III, IV, and VII be dismissed without prejudice; and

(3) defendant Jim Tynan and fictitious parties A-Z be dismissed without prejudice from this action.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file objections to this

---

[5] Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010)("As a general matter, fictitious-party pleading is not permitted in federal court.).

Recommendation on or before April 14, 2016. Any such objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects.  The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

DONE, this the 31st day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge